UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANDY PINEDA-MARQUEZ,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX, *et al.*,

Respondents.

Case No.  1:26-cv-04201   (AMO)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 2

Petitioner filed a Petition for Writ of Habeas Corpus (Dkt. 1) and a Motion for Temporary Restraining Order (Dkt. 2) seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). Petitioner raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Fleeing Honduras, Petitioner entered the United States on May 18, 2019, and was taken into custody by the Department of Homeland Security ("DHS"). Dkt. 1 ¶ 14; Dkt. 2-3 at 20. On July 14, 2019, Petitioner was released from custody on his own recognizance, and placed in removal proceedings. Dkt 2-3 at 20–21. After his release, Petitioner began living in Dallas, Texas, where he attended high school and graduated, and began attending Dallas College. Dkt. 1 ¶ 15. On April 3, 2026, ICE officers detained Petitioner while he was working at an auto shop. *See* Dkt. 1 ¶ 19.

Many prior orders within this district are dispositive on the issues raised in the Petition and motion for a temporary restraining order. *See, e.g.*, *Alauddin v. Chestnut*, No. 1:26-CV-03541 (AMO), 2026 WL 1346863 (E.D. Cal. May 14, 2026); *Ozturk v. Lyons*, No. 1:26-CV-03484 (VC), 2026 WL 1354540 (E.D. Cal. May 14, 2026); *Zheng v. Warden*, No. 1:26-CV-03533 (EJD), 2026 WL 1354477 (E.D. Cal. May 14, 2026); *Jose E.S.M. v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-CV-04100-MWJS, 2026 WL 1537215 (E.D. Cal. June 1, 2026); *Estevez*

*v. Warden*, No. 2:26-CV-00778-JLT-EPG, 2026 WL 905120 (E.D. Cal. Apr. 2, 2026).  For the reasons stated in those cases, Petitioner is entitled to relief.  Respondents did not provide Petitioner with notice and an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, prior to revoking his release. Petitioner has a clear liberty interest in his continued release. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

On June 2, 2026, the Court issued an order to show cause on the motion for a temporary restraining order directing Respondents to identify any factual issues which distinguish this case from the Courts' prior orders. Dkt. 5. Respondents filed an opposition on June 3, 2026, noting that "there do not appear to be any substantive factual or legal issues in this case that materially distinguish it from the cases identified in the Order." Dkt. 6 at 2. Both parties indicated in their briefing that they would prefer that the Court resolve both the motion and the underlying petition on the current briefing. *See* Dkt. 6 at 2; Dkt. 7 at 2.

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (Dkt. 1) is GRANTED, for the reasons stated in those prior orders.  Respondents are ORDERED to immediately release Andy Pineda-Marquez from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

United States District Court
Eastern District of California

2

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: June 4, 2026

_____
ARACELI MARTÍNEZ-OLGUÍN
United States District Judge

United States District Court
Eastern District of California

3